IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-1440-AP**

**NAAMAN TILLMAN,**

       Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

       Defendant.

## ORDER

Kane, J.

This matter is before the court on Plaintiff, Louis Naaman Tillman's Motion for Relief from Judgment (doc. #30), filed June 2, 2008. The motion is DENIED. The court does, however, wish to address some of the issues raised in plaintiff's motion. First, plaintiff is correct in pointing out that the word "Unopposed" was erroneously included in the court's order. The court was, in fact, aware of the opposition, as indicated in defendant's motion to remand. The ruling, however, stands. Second, plaintiff mistakenly believes that this judge is a magistrate judge. That is incorrect, as this judge is a district court judge.

This case was remanded on April 2, 2008. The remand was made for the ALJ to:

> • Re-evaluate Plaintiff's residual functional capacity with specific references to evidence of record in support of assessed limitations.
>
> •Reassess whether Plaintiff's residual functional capacity would preclude her from performing any of her past relevant work and, if a vocational expert is used to clarify the effect of the assessed limitations on Plaintiff's

occupational base, inquire on the record whether a person with limitations reflected by the record could perform Plaintiff's past relevant work and whether the vocational expert's testimony is consistent with the DOT.

- If determined that Plaintiff could not perform any past relevant work, obtain vocational expert testimony to determine whether Plaintiff could perform other work existing in significant numbers in the national economy; pose hypothetical questions to the vocational expert that reflect the specific capacity/limitations established by the record as a whole; and inquire on the record whether the vocational expert's testimony is consistent with the DOT.

The court is convinced that this is the proper result. Should plaintiff be dissatisfied with the outcome of the Administrative Law Judge's second look, then further relief should be sought from this court.

Dated: June 13, 2008.

BY THE COURT:

*S/John L. Kane*
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT